UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **RASHAR B. WILLIAMS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 25-10104-WGY |
| **COMMONWEALTH OF MASSACHUSETTS,** ) | |
| **et al.,** ) | |
| ) | |
| Respondents. ) | |

**ORDER**

**YOUNG, D.J.**

Petitioner Rashar Williams, an immigration detainee confined at the Moshannon Valley Processing Center in Philipsburg, Pennsylvania, brings this habeas action under 28 U.S.C. § 2241, asking that the Court require the Commonwealth to hold a trial in the pending criminal prosecution against him in his pending criminal action in Norfolk Superior Court, Commonwealth v. Williams, 2182CR00077 (Norfolk Sup. Ct., Mass.) or dismiss the charges against him.  Williams reasserts that he has been denied his right to a speedy trial and to due process, and that the government's delay in bringing him to trial constitutes malicious prosecution.  For the reasons set forth below, the Court DENIES the petition without prejudice.

The Court must abstain from exercising jurisdiction over this action.  "Abstention is a devise designed to facilitate the

side-by-side operation of federal and state courts, balancing their respective interests in the spirit of comity." Coggeshall v. Mass. Bd. of Registration of Psychs., 604 F.3d 658, 664 (1st Cir. 2010).  "Except in the most extraordinary cases, a federal court must presume that state courts, consistent with the imperatives of the Supremacy Clause, see U.S. Const. art. VI, are fully competent to adjudicate federal constitutional and statutory claims properly presented by the parties." Casa Marie, Inc. v. Super. Ct., 988 F.2d 252, 262 (1st Cir.1993) (footnote omitted).

Pursuant to the doctrine of Younger abstention, see Younger v. Harris, 401 U.S. 37 (1971), "federal courts have long recognized 'the fundamental policy against federal interference with state criminal proceedings.'"  In re Justices of Super. Ct. Dep't of Mass. Trial Ct., 218 F.3d 11, 16 (1st Cir. 2000) (quoting Younger v. Harris, 401 U.S. 37, 46 (1971)).  Under Younger, federal courts "abstain from interfering with state court proceedings even where defendants claim violations of important federal rights," In re Justices, 218 F.3d at 17, as long as the "federal claims" can be "raised and resolved somewhere in the state process" Maymó-Meléndez v. Álvarez-Ramírez, 364 F.3d 27, 36 (1st Cir. 2004) (emphasis added).

Younger abstention applies to pretrial matters, although there are sometimes exceptions for double jeopardy and speedy

2

trial claims.  See In re Justices, 218 F.3d at 19.  However, because Williams does not allege that he has properly raised the speedy trial claim in the state court, it would be improper for this Court to consider it in the first instance.  See Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 490 (1973) (stating, in the context of speedy trial claim in a habeas petition, "[t]he exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement" (internal quotation marks omitted)); Olsson v. Curran, 328 Fed. App'x 334, 335 (7th Cir. 2009) ("Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies.").

Accordingly, the petition is DENIED without prejudice and this action is DISMISSED.

**So ordered.**

                                      /s/ William G. Young
                                      William G. Young
                                      United States District Judge

Dated:  February 10, 2025